IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

J. DAWLEY,

    Plaintiff,

v.                                      Docket No:

ACME BLOCK & BRICK, INC.        Judge

    Defendant.                      (Jury Trial Requested)

_____ /

## **COMPLAINT**

Plaintiff, Ms. Jessica Dawley ("Ms. Dawley" or "Plaintiff") has been employed by Defendant Acme Brick & Block ("Acme") for the better part of twenty years without incident. Ms. Dawley performed many roles starting as a yard laborer in 1995 and working her way up to plant manager. Ms. Dawley received raises and bonuses for her excellent work during her employment with Acme. This all changed when Ms. Dawley came out as transgender and began to transition to female and dressing as a female, non-conforming to the gender identity, *i.e.*, male, that she had worked as for the entirety of her employment with Acme. Ms. Dawley was immediately told she was not able to dress as female at work nor go by a female name. When Plaintiff complained and requested to be treated fairly, she was abruptly demoted from her managerial position, stripped of bonuses and fringe benefits, and forced to work in a small facility 70 miles away where only female employees work. She filed an EEOC Charge alleging sexual discrimination and retaliation and was further retaliated against by having her overtime cut, her company gas card rescinded, and being given difficult manual labor tasks. Accordingly, Ms. Dawley files this action for (1) discrimination on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e, (2) discrimination on the basis of sex in violation of the Tennessee Human Rights Act ("THRA"), T.C.A. § 4-21-101 *et seq* and, (3) retaliation for reporting discrimination for gender non-conforming behavior in violation of Title VII and the THRA.

## JURISDICTION AND VENUE

1. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

2. The unlawful employment practices alleged in this Complaint were committed in the state of Tennessee, Putnam County, Cookeville. This Court is the proper venue for this action pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff complied with all conditions precedent to the filing of her claims pursuant to 42 U.S.C. § 2000e *et. seq*, to wit: a charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice. This action was commenced within 90 days of receipt of the EEOC's Notice of Right to Sue.

## PARTIES

4. Plaintiff, J. Jessica Dawley, ("Ms. Dawley") is an employee of Defendant. Plaintiff worked for Defendant at its location in Crossville, Tennessee (Cumberland County) until his retaliatory transfer to a location in Sweetwater, Tennessee.

5. Defendant Acme Block & Brick., Inc., is a Tennessee corporation licensed to transact business in Tennessee. Its registered agent for service of process is Brantley Rivers, 1204 S. Kentucky Street, Suite A, Kingston, TN. At all material times, Defendant has been an employer within the meaning of the Title VII and under state law.

2

## FACTUAL BACKGROUND

6. Ms. Dawley is a transgender female.

7. Ms. Dawley is a long-term employee of Acme and started her employment with them in 1994. At the time, she was living as a male and using the name Jeffrey "JD" Dawley. She was left Acme in 2001 and returned as a driver in 2007.

8. Ms. Dawley worked without incident from 2007 until 2018. In 2013, she was approached by owner Brantley Rivers and was promoted to manager of the shipping/receiving yard in Crossville, Tennessee.

9. In May 2016, in addition to the shipping/receiving responsibilities, she took over management of the concrete lintel production in the Crossville facility and managed the maintenance personnel responsible for Acme's two residential rental units in Crossville.

10. In January 2017, in addition to all her duties, Mr. Brantley Rivers asked her to take over management of the concrete block production facility, and she did so.

11. On or around September 2017, Ms. Dawley began transitioning from male to female which included medical treatment, hormone therapy, and emotional therapy, among other things. Ms. Dawley began changing her appearance by dressing as female, painting her nails, and carrying a purse.

12. On or about April 2018, Ms. Dawley spoke with Human Resources manager Shirley McClellan that she was transitioning to female. Ms. Dawley stated unequivocally that that she did not want to leave her job, she just wanted to be treated fairly and be safe. Ms. McClellan asked Ms. Dawley if she wanted a severance package and Ms. Dawley said that she did not want to leave her job, but if Acme was not going to treat her fairly she would consider a severance package. Ms. McClellan stated she'd recommend a severance package.

3

13. On or about July 10, 2018, Ms. Dawley asked for a meeting with Mr. Brantley Rivers and Ms. McClellan, to inform them that she was coming out as transgender, transitioning from male to female, and to discuss her rights and the company's obligations.

14. On July 16, 2018, a meeting was held with Ms. Dawley, Mr. Brantley Rivers, Mr. Arthur Rivers and Ms. McClellan. Plaintiff's counsellor, Annette Lynch, attended the meeting and provided information about transgender transitions. Mr. Rivers admonished Ms. Dawley that she could not tell anyone in the workforce that she was transgender because no one would like that, and that she would have to "roll out" her transition because other employees in the company have rights to not be offended by her. He also told her that she would be transferred to the Sweetwater facility because it was predominantly female.

15. At the meeting, Ms. Dawley informed Mr. Rivers that he was discriminating against her due to her transgender status and told him that a transfer would be retaliation.

16. Ms. Dawley also requested to be referred to as "Jessica" and Ms. McClellan refused, stating that unless her name was legally changed, and she provided documentation to them that they would not call her anything other than her legal name. However, Ms. Dawley's legal name is Jeffrey and they had referred to her as "JD" for almost twenty years, they even had "JD" – not Jeffrey- printed on her uniform shirts.

17. On August 1, 2018, Ms. Dawley was called into a meeting with Mr. Rivers and Ms. McClellan where she was told she was not allowed to discuss her personal business at work, she could not wear traditionally female clothing to work, and she could not ask anyone to call her Jessica.

18. A week later, Acme demoted Ms. Dawley from her position as plant manager, reduced her pay and benefits, and transferred her to a location 70 miles away from her home. She was stripped of company gas card and made to pay for her increased commute 140 miles round trip daily. Before to her demotion, she would clock in at the Crossville facility and was paid for all her travel time. She is no longer compensated for travel time to the facilities. Previously, she had worked approximately 20 hours of overtime each week and in her new position she was not allowed to work any overtime.

19. Acme, for the first time, instituted a dress code prohibiting employees from wearing tank tops. Previously, female employees were allowed to wear tank tops or spaghetti strap tops.

20. At the Sweetwater location where Ms. Dawley is transferred, there is no running water, no bathrooms with running water, and only a porta potty. There is no air conditioning.

21. On August 23, 2018, Ms. Dawley filed a Charge of Discrimination with the Equal Employment Opportunity Office and presented a copy of the Charge to the human resources.

22. In September 2018, after filing her EEOC Charge, she was given a poor performance review and has been given several disciplinary write ups.

23. After filing her EEOC Charge she was stripped of any managerial role and is made to engage in difficult manual labor assembling pallets.

24. After filing her EEOC Charge, the employees she supervised at the Sweetwater facility have been transferred to other facilities, leaving her alone at the remote facility, with no direct reports.

## COUNT I
**(Sex Harassment and Discrimination under the THRA)**

25. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

26. Plaintiff was subjected to a continuing and on-going campaign of sex harassment in Defendant's workplace because of her sex and gender non-conforming behavior, i.e., transgender female status, dressing in traditional female apparel, and requesting to be called Jessica.

27. Plaintiff was subjected to sex discrimination and harassment due to her gender non-conforming behavior.

28. Plaintiff was subjected to sex discrimination and harassment due to her gender non-conforming behavior that violates the gender stereotype of what someone who is born female should look and act like.

29. Plaintiff reported and/or protested incidents of harassment to the human resources manager. Her reports were either ignored or rebuffed. Defendant failed to remedy and/or prevent sex harassment in the workplace in a timely manner.

30. Defendant allowed the harassment of Plaintiff to continue throughout her employment.

31. Defendant is vicariously liable for the sexual harassment perpetrated by its supervisors and is liable for failing to remedy sex harassment in the workplace.

32. Plaintiff suffered adverse employment actions as a result of discrimination on the basis of sex, including, but not limited to, being demoted, suffering loss of pay and benefits, and forced to work a less-desirable, more physically demanding job.

33. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, lost earnings and

benefits, attorneys' fees and costs, interest and any other legal and equitable relief to which she may be entitled.

## COUNT II
### (Sex Discrimination and Harassment under Title VII)

34. Plaintiff restates and incorporates herein the allegations in the above paragraphs.

35. Plaintiff was subjected to a continuing and on-going campaign of sex harassment and discrimination in Defendant's workplace because of her sex, and gender non-conforming behavior, i.e., transgender female status.

36. Plaintiff was subjected to sex discrimination and harassment due to her gender non-conforming behavior.

37. Plaintiff was subjected to sex discrimination and harassment due to her gender non-conforming behavior that violates the gender stereotype of what someone who is born male should look and act like.

38. Plaintiff reported and/or protested incidents of harassment to human resources and the reports were either ignored or rebuffed. Defendant failed to remedy and/or prevent sex harassment in the workplace.

39. Defendant is vicariously liable for the sexual harassment perpetrated by its employees and supervisors and is liable for failing to remedy sex harassment in the workplace.

40. Plaintiff suffered adverse employment actions as a result of discrimination on the basis of sex, including, but not limited to, being demoted, suffering loss of pay and benefits, and forced to work a less-desirable, more physically demanding job.

41. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional and physical injury, suffering, professional and personal

embarrassment, humiliation, loss of enjoyment of life, inconvenience, lost earnings and benefits, attorney's fees, costs, interest and any other legal and equitable relief to which she may be entitled.

## COUNT III
**(Retaliation under Title VII and THRA)**

42. Plaintiff restates and incorporates herein the foregoing paragraphs.

43. It is the public policy and federal law that employees must be able to exercise their rights without fear of reprisal or penalty from an employer.

44. Contrary to title VII and the THRA, Plaintiff was demoted, transferred, and forced to work a less-desirable, more physically demanding job for objecting to and complaining about Defendant's failure to remedy the sexual discrimination and harassment taking place in the workplace.

45. Plaintiff engaged in protected activity by reporting sexual harassment, hostile work environment, and discrimination in the workplace to her superiors.

46. Plaintiff suffered adverse employment actions in retaliation for engaging in protected activity.

47. As a direct and proximate result of and/or motivated by Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience, lost earnings and benefits, attorneys' fees, costs, interest and any other legal and equitable relief to which she may be entitled.

**PRAYER FOR RELIEF & JURY DEMAND**

WHEREFORE, premises considered, Plaintiff prays for the following relief:

A.    Monetary award of damages for Back Pay;

B.    Reinstatement or Front Pay

C.    Pre- and post-judgment interest;

D. Compensatory Damages and Punitive Damages;

E. Attorney's fees and costs, and expenses of the action;

F. Declaration that Defendant violated the THRA and Title VII and instructions to cease such violations of Plaintiff's civil rights;

G. All other legal and equitable relief to which Plaintiff shows she is entitled, and which is just and proper; and

H. A jury trial.

Respectfully submitted,
COLLINS & HUNTER, PLLC

*/s Heather Moore Collins*
Heather Moore Collins (# 026099)
Anne Hunter (# 022407)
7000 Executive Center Dr., Suite 320
Brentwood, TN 37027
615-724-1996
615-691-7019 FAX
heather@collinshunter.com
anne@collinshunter.com

*Attorneys for Plaintiff*