UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| J. DAWLEY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 2:19-cv-00052 |
| | ) |
| ACME BLOCK & BRICK, INC., | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Jessica Dawley's Motion to Strike Certain Immaterial, Misleading, and Impertinent Matter from Defendant's Answer and Certain Insufficiently Pled and/or Legally Insufficient Affirmative Defenses ("Dawley's Motion") (Doc. No. 23), to which Acme Block & Brick, Inc. ("Acme") filed a response (Doc. No. 30). For the following reasons, Dawley's Motion will be denied.

**I.    BACKGROUND**

The Complaint begins with an unnumbered introductory paragraph alleging that when Dawley informed her previous employer Acme that she was a transgender female, Acme retaliated against her and subjected her to an on-going campaign of sex discrimination and harassment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101, et seq. (Doc. No. 1 at 1–2.) Acme responds with its own narrative response describing its allegedly legitimate, non-pretextual business reasons for its actions. (Doc. No. 18 at 1–5.) The Answer also responds to the Complaint's numbered paragraphs (id. at 5–8) and asserts thirty affirmative defenses (id. at 8–12).

Pursuant to Federal Rule of Civil Procedure 12(f), Dawley now moves to strike portions of Acme's Answer and eight of its affirmative defenses.

## II. LEGAL STANDARD

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of the motion [to strike] is to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with' them early in the case." Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co., 783 F.3d 1045, 1050 (6th Cir. 2015) (quoting Kennedy v. City of Cleveland, 797 F.2d 297, 305 (6th Cir. 1986)). Such motions, however, "are viewed with disfavor and are not frequently granted." Id. at 1050 (citing Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)). Indeed, a "motion to strike should be granted only when the pleading to be striken [sic] has no possible relation to the controversy." Parlak v. U.S. Immigration and Customs Enforcement, No. 05-2003, 2006 WL 3634385, at *1 (6th Cir. Apr. 27, 2006) (citing Brown, 201 F.2d at 822).

## III. ANALYSIS

Dawley moves to strike from the Answer Acme's (1) introductory narrative; (2) responses to paragraphs 3, 5, 13, 21, and 22 of the Complaint; and (3) affirmative defenses 2, 7, 11, 12, 18, 20, 21, and 30. (Doc. No. 23.) The Court will address each of these in turn.

### A. Introductory Narrative

Dawley argues that Acme's "initial five (5) page lengthy and unsupported narrative containing its theory of the case and other factual allegations, wholly without support, should be stricken from its Answer." (Doc. No. 23 at 2.) The Court disagrees. First, Acme could not have fairly responded to the *Complaint's* introductory narrative without providing one of its own. Second, the Court cannot say that Acme's narrative position has no possible relation to the

controversy, particularly because it focuses on Acme's allegedly non-pretextual business reasons for its actions towards Dawley. See Parlak, 2006 WL 3634385, at *1. Last, Acme's narrative response is not prejudicial because Acme will still need to offer proof to support these factual allegations at the summary judgment stage. See Saulsberry v. FedEx Exp., No. 2:11-cv-02581-AJT-cgc, 2013 WL 596061, at *1 n.3 (W.D. Tenn. Jan. 15, 2013) (citing Behrens v. Pelletier, 516 U.S. 299, 309 (1996)) ("[T]he allegations in the . . . Answer are not evidence from which a party may demonstrate a genuine issue of material fact for purposes of summary judgment.").

Accordingly, the Court will deny Dawley's motion to strike Acme's narrative introduction.

B. Responses to Specific Paragraphs in the Complaint

Dawley also moves to strike Acme's responses to paragraphs 3, 5, 13, 21, and 22 of the Complaint because they "contain false, non-responsive, immaterial arguments and do not conform to the requirements of Rule 8 of the Federal Rules of Civil Procedure. . . ." (Doc. No. 23 at 3–7.) "Rule 8 . . . provides for only three possible responses to allegations contained in a civil complaint: (1) admit the allegations; (2) deny the allegations; or (3) state that there is insufficient knowledge or information to form a belief about the truth of the allegations." United States v. Vehicle 2007 Mack 600 Dump Truck, 680 F. Supp. 2d 816, 822 (E.D. Mich. 2010) (citing Fed. R. Civ. P. 8(b)(1)-(5)). "A denial 'must fairly respond to the substance of the allegation.'" Id. (citing Fed. R. Civ. P. 8(b)(2)). Courts have concluded that "other responses" not listed in Rule 8 are insufficient to constitute a denial, such as "[a]nswers that neither admit nor deny but simply demand proof of the plaintiff's allegations[,]" id. (citing 5 Charles Alan Wright & Arther R. Miller, Federal Practice & Procedure § 1264 (3d ed.)), or "[r]esponses that documents speak for themselves and that allegations are legal conclusions. . . ." Gulf Restoration Network v. U.S. Envtl. Prot. Agency, No. 18-1632, 2018 WL 5297743, at *3 (E.D. La. Oct. 25, 2018) (quoting Lane v. Page, 272 F.R.D. 581, 602–03 (D.N.M. 2011)).

3

Here, the Court finds that the Answer's responses to paragraphs 3, 5, 13, 21, and 22 of the Complaint fairly respond to the substance of Dawley's allegations. For example, the Answer specifically states that the allegations in paragraphs 3, 5, and 21 of the Complaint are "generally admitted," and that the allegations in paragraphs 13 and 22 are denied. (Doc. No. 18 at 6–7.) Moreover, paragraph 48 of the Answer states that Acme "specifically denies each and every allegation in the Complaint that is not specifically admitted herein." (Id. at 8; see also Fed. R. Civ. P. 8(b)(3) ("A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted.")). Although Acme's responses indeed include extra information and alternative versions of the Complaint's factual allegations, "[w]hatever additional information [Acme] seeks to provide in addition to a denial is well within [its] right." Rapaport v. Soffer, No. 2:10-cv-935-MMD-RJJ, 2012 WL 2522069, at *2 (D. Nev. June 29, 2012).

Accordingly, the Court will not strike Acme's responses to paragraphs 3, 5, 13, 21, and 22 of the Complaint for failing to comply with Rule 8.

C. <u>Affirmative Defenses</u>

Dawley also moves to strike from the Answer the following eight affirmative defenses:

**Affirmative Defense 2**: All o[r] part of Plaintiff's claims may be barred by the failure of the Plaintiff or EEOC to exhaust and/or timely exhaust internal and external administrative remedies and/or failure to meet the applicable jurisdictional requirements.

**Affirmative Defense 7**: The Defendant is entitled to and requests attorneys' fees and costs for the defense of this action.

**Affirmative Defense 11**: Plaintiff's allegations of discrimination and retaliation due to gender transitioning are not claims compensable under Title VII or the THRA.

**Affirmative Defense 12**: The Court lacks subject matter jurisdiction as the Complaint states no viable federal law claim.

**Affirmative Defense 18**: With regard to her Title VII claims, the Plaintiff is limited to only those claims set out in her Charge of Discrimination to the EEOC. Any allegations she now

4

makes that were not in her Charge or any allegations that related to events occurring more than 300 days before the Charge are also barred by the statute of limitations.

**Affirmative Defense 20**: Acme is entitled to recover from the Plaintiff its reasonable attorney fees for defending this lawsuit and its costs, litigation expenses and all other such further, general and equitable relief which the interest of justice require and which the Court deems appropriate.

**Affirmative Defense 21**: The Plaintiff has no legally cognizable claim under Title VII or the THRA and has pleaded insufficient factual allegations to support any retaliation claim and therefore she has failed to state a claim on which relief may be granted. The Complaint should be dismissed pursuant to F.R.C.P. 12(b)(6).

**Affirmative Defense 30**: The Plaintiff remains employed full time. The Plaintiff has sustained no tangible job detriment.

(Doc. No. 23 at 7–10; see also Doc. No. 18 at 9–12.) Dawley argues that "[m]any of these defenses are legally insufficient and/or lack the proper sufficiency to put [her] on fair notice of the defense being raised." (Doc. No. 23 at 8.) Acme disagrees and contends that it would be prejudicial for the Court "to strike affirmative defenses before [the parties] have a sufficient record to determine whether the defenses ultimately will apply or not in this case." (Doc. No. 30 at 5–6.)

"The Sixth Circuit has not decided the applicability of Twombly and Iqbal to affirmative defenses[,]" and "the prevailing view among district courts within the Sixth Circuit is that the defendant does not need to plead an affirmative defense with the particularity required by Twombly and Iqbal." Thomas v. Imperial Cleaning Sys., Inc., No. 3:18-cv-00772, 2019 WL 3210101, at *5 (M.D. Tenn. June 20, 2019), report and recommendation adopted by 2019 WL 3202999 (July 16, 2019); see also Sec'y of U.S. Dept. of Labor v. Kavalec, No. 1:19-CV-00968, 2020 WL 1694560, at *4 (N.D. Ohio Apr. 7, 2020). Instead, "[a]n affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." Lawrence v. Chabot, 182 F. App'x 442, 456 (6th Cir. May 16, 2006); see also Davis v. Sun Oil Co., 148 F.3d 606, 612 (6th Cir. 1998) (finding affirmative defense that

5

"Plaintiff's claims are barred by the doctrine of res judicata" was sufficient because it gave plaintiff notice of the defense). However, the Court may strike an affirmative defense as "insufficient if, as a matter of law, the defense cannot succeed under any circumstances or has 'no possible relation to the controversy.'" Fed. Trade Comm'n v. Stratford Career Inst., No. 16-CV-371, 2016 WL 3769187, at *2 (N.D. Ohio July 15, 2016) (quoting Brown, 201 F.2d at 822)); see also Kavalec, 2020 WL 1694560, at *4. In other words, "a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." Morrison v. Exec. Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) (citing Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001)).

Here, Dawley does not argue that Acme's second, seventh, eighteenth, or twentieth affirmative defenses fail to meet the "fair notice" standard. (See Doc. No. 23 at 8–10.) And she cannot reasonably argue that she lacks fair notice of the nature of Acme's eleventh, twelfth, twenty-first, and thirtieth affirmative defenses, particularly in light of her very substantive responses to each defense in her motion. Moreover, each of these defenses has more than a plausible or arguable connection to the Complaint's allegations. Although Dawley may disagree with the substance of Acme's affirmative defenses, she has not demonstrated any valid reason for the Court to grant the drastic remedy of striking them from the Answer.

Accordingly, the Court will deny Dawley's request to strike Acme's affirmative defenses.

### IV. CONCLUSION

For the foregoing reasons, Dawley's Motion (Doc. No. 23) is **DENIED**. This case is returned to the Magistrate Judge for further case management.

6

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE